IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELTIC SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 7642 |
| | ) | |
| SERGEANT KELLY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

# **OPINION AND ORDER**

As of September 20, 2010, plaintiff Deltic Smith was a pretrial detainee at Cook County Jail ("CCJ"). On that date, plaintiff was attacked by his cellmate. Plaintiff alleges that defendants violated the Fourteenth Amendment to the federal Constitution by failing to protect him from the attack. Named as defendants are

Sergeant Kelly and Officer Reelo, employees of CCJ.[1]  Defendants have moved for summary judgment.  Plaintiff is represented by counsel.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant.  ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods., Inc.***, 628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***, 599 F.3d 617, 619 (7th Cir. 2010).  The burden of establishing a lack of any genuine issue of material fact rests on the movant.  ***Ponsetti v. GE Pension Plan***, 614 F.3d 684, 691 (7th Cir. 2010); ***Outlaw v. Newkirk***, 259 F.3d 833, 837 (7th Cir. 2001).  The nonmovant, however, must make a showing sufficient to

---

[1]On the appearance form of his attorney and in his answer to the Amended Complaint, defendant Kelly is identified as Lieutenant Leroy Kelly and it is stated that he was promoted subsequent to the incident that underlies plaintiff's allegations.  On his attorney's appearance form, Reelo is identified as Officer Reillo and his name is also spelled that way in his briefs; no first name is provided.  (Plaintiff's brief spells the name Rielo.)  In the parties' summary judgment statements of facts, no facts are asserted regarding defendants' full names nor their positions at the jail.  The parties' briefs, though, implicitly assume that both are correctional officers at CCJ and that Kelly was a sergeant with a rank above Reelo.  In today's opinion, the names alleged in the Amended Complaint will be used:  Sergeant Kelly and Officer Reelo.

establish any essential element for which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See *Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *Lampley v. Mitcheff*, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge

this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

Initially, plaintiff did not provide a Local Rule 56.1 response to defendants' statement of facts. Plaintiff was subsequently granted leave to supplement his answer to summary judgment with such a response. Defendants complain that the response is still deficient because many of the supporting citations do not support the asserted facts. Plaintiff cites to a limited number of pages in his own deposition, which had been submitted by defendants with their motion. Some of the citations contain typographical errors.[2] Other times plaintiff's citation is incorrect but pages cited in other paragraphs support the factual assertion. Sometimes the facts are not supported by any portion of the deposition cited in the response. Also, plaintiff states that he accepts the facts asserted by defendants, then goes on to assert some contrary facts. In determining the facts to be taken as true for the purpose of defendants' summary judgment motion, to the extent the portions of the deposition cited by plaintiff adequately support a fact that favors plaintiff and is contrary to facts asserted by defendants, the facts favorable to plaintiff will be taken as true. Resolving all genuine factual

---

[2] For example, paragraph 32's citation to "p31 & 30:22-3" apparently was supposed to cite to page 31 and page 3*2*: lines 2-3.

disputes and making all reasonable inferences in plaintiff's favor, the facts assumed to be true for purposes of summary judgment are as follows.

Plaintiff had been detained at CCJ since July 7, 2010. As of September 20, 2010, he was housed in Tier 3B of Division IX, a maximum security division.. Since September 13, 2010, Tyrone Owens had been plaintiff's cellmate. Owens appeared to be in his mid- or late fifties and to weigh approximately 200 pounds more than plaintiff. (No facts are asserted regarding plaintiff's age nor the two detainees actual weights--only the relative difference in weights.) During their week together, plaintiff was unhappy that Owens had been bossing him around, including telling him to clean up and where to put things. Because of this conduct, plaintiff had been seeking a new cellmate, but not to be moved to a different tier. Officer Reelo was one of the people whom plaintiff had informed that he would like to move.

Prior to going to the dayroom on September 20, Owens and plaintiff had words regarding Owens eating plaintiff's food. In the dayroom, Owens complained that plaintiff was "tricking" on him, that is, telling others about plaintiff's complaints about Owens. Owens punched plaintiff once on the back of

the head. Plaintiff responded with two or three attempted punches, but none landed on Owens. Plaintiff went over to the "bubble"[3] so guards could see him. Officer Reelo came to the dayroom and calmed things down. Plaintiff told Reelo he wanted a new room and to talk to a supervisor. Reelo told plaintiff to " take it like a man," but also told plaintiff he would see what he could do about moving plaintiff. Plaintiff, though, doubted the sincerity of the latter statement since Reelo was laughing when he said it. While still in the dayroom, plaintiff also asked Sergeant Kelly to change his cell assignment and Kelly declined.[4] Neither Officer Reelo nor Sergeant Kelly had authority on his own to change plaintiff's

---

[3]The "bubble" apparently is a protected booth from which correctional officers can observe the dayroom.

[4]Plaintiff's testimony is ambiguous. At page 35 of his deposition, he testified that Reelo brought Kelly to the dayroom and Kelly said plaintiff could not change rooms. Defendants' counsel then states: "First let me go back. My question I was asking you about when this incident happened" and plaintiff responded: "No, it just--no, just was Officer Reelo." Reading the testimony in a light favorable to plaintiff, plaintiff is stating that Sergeant Kelly was not present when Owens actually hit plaintiff, but Kelly came to the dayroom afterwards. Later in his testimony(pp. 43-44, 57), though, plaintiff testified that he did not speak to Kelly in the dayroom prior to returning to his cell. On defendants' summary judgment motion, the testimony at page 35 is taken as true. In any event, it is not a material fact since even taking this fact as true, Kelly is entitled to summary judgment.

cell assignment; the approval of a lieutenant or higher-ranked officer would have been necessary.

After the punching incident, plaintiff and Owens had no further contact or confrontation in the dayroom. Plaintiff and Owens returned to their cell approximately 30 minutes after the punching incident. Before going in the cell, plaintiff again asked Officer Reelo to move him to another cell. Reelo again said he would see what he could do.

Between ten minutes and an hour after plaintiff returned to his cell, Owens attacked plaintiff with a shank. Plaintiff was on his bed reading a book and thought Owens was cleaning up until he attacked. The attack lasted four-to-five minutes. Plaintiff was stabbed in the ear, side, legs, and arm. In addition to the stab wounds, plaintiff had two black eyes and two front teeth were knocked out. During the attack, plaintiff was yelling for help and banging the walls. Detainees in neighboring cells also called for help. Reelo and Kelly apparently were still on duty when the attack in the cell occurred since plaintiff's injuries were not discovered until a later shift change and Kelly signed off on a correctional officer's report of the attack in the cell. However, no evidence is

presented regarding how far the sound would carry nor, more importantly, regarding where Officer Reelo and Sergeant Kelly would have been during the attack. Plaintiff, who has the burden of proof, has not presented evidence establishing that either defendant would have heard his or other inmates' calls for help.

In order to be liable for failing to protect plaintiff by housing him with a different cellmate, a defendant must have deliberately ignored a substantial risk that plaintiff would suffer serious harm at the hands of his cellmate. ***Owens v. Hinsley***, 635 F.3d 950, 954 (7th Cir. 2011). Knowledge that the cellmate had hit plaintiff with one punch during a brief confrontation in the dayroom is an insufficient basis for finding such deliberate indifference. The incident in the dayroom was not sufficient notice to either defendant that plaintiff was at substantial risk if he was not immediately housed separately from Owens. There is no sufficient basis for finding either Reelo or Kelly liable for failing to protect plaintiff. *See **id.*** Defendants are entitled to summary judgment in their favor.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [24] is granted. The Clerk of the Court is directed to enter judgment in

favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 19, 2014